USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/01/2020

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------X
UNITED STATES OF AMERICA,              :          **19 CR 627 (VM)**
                                       :
          -against-                    :
                                       :          **ORDER**
DEON KING,                             :
                                       :
                    Defendant.         :
-------------------------------------------------X

**VICTOR MARRERO, U.S.D.J.:**

  Counsel for the Government, with the consent of counsel for the Defendant (see Attached Application), requests that the Court authorize a magistrate judge to conduct a plea proceeding by video teleconference under Section 15002(b) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), which allows for felony plea proceedings to be held via video teleconferencing only when the district judge "in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice." See also In re Coronavirus/COVID-19 Pandemic, Second Amended Standing Order re: Video Teleconferencing and Telephone Conferencing for Criminal Proceedings, 20 Misc. 176, Dkt. No. 3, at 3 (S.D.N.Y. Sept. 16 2020) (authorizing the use of video conferencing for felony pleas only upon a finding by the presiding judge that the "proceeding cannot be further delayed without serious harm to the interests of justice.").

1

The Court is persuaded that the plea in this case cannot be further delayed without serious harm to the interests of justice. The Defendant cannot promptly and expeditiously resolve this case without proceeding remotely. Additionally, it is not certain when the Court will be able to conduct the Defendant's plea in person. Conducting the Defendant's plea remotely therefore "promotes judicial economy." Cohen, 2020 WL 2539115, at *2. It "preempt[s] the parties' [potential] motions to this Court requesting further scheduling changes." Id.; United States v. Portolyoni, No. 09 CR 674, 2020 WL 5604047, at *3 (S.D.N.Y. Sept. 18, 2020). It also avoids adding to "the existing backlog of cases in the federal court system" and the "deluge of [requests for] hearings once in-person proceedings can safely resume." Cohen, 2020 WL 2539115, at *2.

**SO ORDERED:**

Dated: New York, New York
       01 December 2020

_____
Victor Marrero
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - x
                                             :
UNITED STATES OF AMERICA        :
                                             :
    - v. -                      :    **APPLICATION**
                                             :
DEON KING,                     :    19 Cr. 627 (VM)
                                           :
        Defendant.      :
                                           :
- - - - - - - - - - - - - - - - - - - - x

       ALEXANDRA ROTHMAN hereby affirms, under penalty of perjury and pursuant to Title 28, United States Code, Section 1746, as follows:

       1.    I am an Assistant United States Attorney in the office of Audrey Strauss, Acting United States Attorney for the Southern District of New York, and I am familiar with this matter.

       2.    DEON KING intends to waive indictment and plead guilty to an information. KING, defense counsel, and the Government wish to proceed with the change of plea hearing by video or telephone conference instead of an in-person proceeding in light of the ongoing pandemic.

       3.    During this pandemic, judges in the Southern District of New York have employed video and telephone conferencing on numerous occasions. The parties submit that any further delay in this proceeding would result in serious harm to the interests of justice. Proceeding by video or telephone conference with a change of plea hearing furthers justice without undue delay by,

among other things, allowing the defendant to promptly and expeditiously resolve his case. *See* § 15002 (b)(2) of the Coronavirus Air, Relief, and Economic Security ("CARES") Act.

    4.   Accordingly, the parties respectfully request that the Court enter the attached order allowing KING's plea proceeding to proceed remotely by video or telephone conference pursuant to the CARES Act.

Dated:    New York, New York
           November 30, 2020

*[signature: Alexandra Rothman]*
_____
ALEXANDRA ROTHMAN
Assistant United States Attorney
Southern District of New York
(212) 637-2580